**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3970
_____

KANG CAN WANG,
                                     Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                     Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. 070-885-355)
Immigration Judge: Honorable Susan G. Roy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2010

Before: AMBRO, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed: May 24, 2010)

_____

OPINION
_____

PER CURIAM

                                     I.

Kang Can Wang seeks review of the Board of Immigration Appeals' ("BIA") final

order dismissing his appeal of the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We will deny the petition.

II.

Wang, a native and citizen of China, entered the United States in April 1993. In April 2008, he was served with a Notice to Appear charging him with removability under 8 U.S.C. § 1227(a)(1)(A). Wang conceded removability and applied for asylum, withholding of removal, and CAT protection, claiming that he experienced past persecution and fears future persecution on account of China's coercive family planning policy.[1]

Specifically, Wang claimed that in 1992, following the births of his two children in China, family planning officials informed Wang that either he or his wife had to undergo sterilization. In turn, Wang claimed that he and his wife went into hiding, but that family planning officials searched for them during that time. Eventually, Wang and his wife decided to leave China for the United States. However, because their children were young, Wang decided to leave ahead of his family. Over a year after he arrived in the United States, Wang learned that his wife, who was still in China, had been discovered by officials and forcibly sterilized.

In an October 2008 opinion, the IJ denied Wang's application for asylum.

---

[1]Wang originally filed an application for asylum in 1993.

Although the IJ found that Wang testified credibly, she was unable to conclude that Wang suffered persecution, or had a well-founded fear of future persecution, on account of China's family planning policy. First, the IJ concluded that pursuant to the Attorney General's decision in Matter of J-S-, 24 I. & N. Dec. 520 (A.G. 2008), Wang did not automatically qualify as refugee based on his wife's alleged forced sterilization. To the extent that Wang sought relief based upon his own opposition to the family planning policy, the IJ concluded that his experiences in China did not rise to the level of persecution. The IJ also found that Wang presented no evidence suggesting that the Chinese government is still seeking to sterilize him, or otherwise punish him based on his alleged opposition to the country's family planning policy. Thus, Wang's claim of future persecution was too speculative and he was not entitled to relief.

Wang appealed the IJ's ruling and, in September 2009, the BIA affirmed without further opinion. Wang filed a timely petition for review in this Court.

### III.

We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency determination." Pierre v. Att'y Gen., 528 F.3d 180, 184 (3d Cir. 2008) (en banc). Whether an applicant has demonstrated past persecution or otherwise established a likelihood of future persecution is a question of fact, which we review for substantial evidence. Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). This means that we

3

must uphold the IJ's findings to the extent they are "supported by reasonable, substantial and probative evidence on the record as a whole." Id.

IV.

Under the Immigration and Nationality Act ("INA"), an applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). The INA further states that "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization . . . shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42)(B). We recently held, however, that under § 1101(a)(42) there is no automatic refugee status for spouses of individuals who have been subjected to coercive population control policies. Lin-Zheng v. Att'y Gen., 557 F.3d 147, 157 (3d Cir. 2009) (en banc). Thus, to the extent that Wang relies on his wife's sterilization to support his application for asylum, our decision in Lin-Zheng precludes the claim.

However, spouses remain eligible for relief in their own right provided that they qualify as refugees based upon their own persecution. See id. (noting that the statute confers refugee status on a person who has been persecuted for "other resistance" to a coercive population control program or has a well-founded fear that he will be subject to persecution for such resistance); see also 8 U.S.C. § 1101(a)(42)(B). Here, Wang argues that he is eligible for asylum as "one who personally suffered the actions of the birth

control officials and who protested in action by having more than one child in defiance of the policy and was threatened as a result, causing him to be deprived of his family, property, and liberty . . ." (Pet. Br. at 4.)

Persecution includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom." Lukwago v. Ashcroft, 329 F.3d 157, 167-68 (3d Cir. 2003) (citation omitted). It "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Id. at 168 (citation omitted). We agree with the IJ that Wang, who has the burden of establishing his eligibility for asylum, see 8 C.F.R. § 208.13(a), has not met that standard.

Wang did not claim to have ever been jailed, beaten, or fined for his alleged resistance to the country's family planning policy. To the extent that he claims that he suffered financially as a result of his decision to go into hiding, he does not meet the stringent standard for economic persecution. See Li v. Att'y Gen., 400 F.3d 157, 168 (3d Cir. 2005) (explaining that "deliberate imposition of severe economic disadvantage . . . may constitute persecution" if it threatens life or freedom). In addition, the record does not compel the conclusion that Wang's act of hiding for a short time in order to avoid either his or his wife's sterilization constitutes "other resistance" under 8 U.S.C. § 1101(a)(42)(B), or that Wang suffered any harm rising to the level of persecution as a result of his hiding.

5

Where past persecution is not established, an alien can demonstrate a well-founded fear of future persecution by showing that he has "genuine fear," and that a "reasonable person in [his] circumstances would fear persecution if returned to [his] native country." Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003) (citation omitted). The IJ correctly noted that there is no evidence of record that Chinese authorities have a present interest in Wang, or that Wang has a well-founded fear based on his purported resistance to family planning policies. We conclude that the asylum claim was properly denied.

Because Wang did not meet his burden of proof as to his asylum claim, his claim for withholding of removal necessarily fails, as does his claim for protection under the CAT. See Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008). Accordingly, we will deny the petition for review.